# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (COLUMBUS)

| | |
|---|---|
| **GREGORY LEE JAMES**<br>c/o Michael A. Galasso<br>Robbins, Kelly, Patterson & Tucker, LPA<br>312 Elm St. Suite 2200<br>Cincinnati, Ohio 45202-2748<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**KAL FREIGHT, INC.**<br>16295 Summerset St.<br>Fontana, CA 92336<br><br>　　Also serve at:<br>　　1607 S. Campus Ave.<br>　　Ontario, CA 91761<br><br>　　Also serve at:<br>　　600 109th St. Ste. B<br>　　Arlington, TX 76011<br><br>**And**<br><br>**ABDI OMAR HASSAN**<br>252 Spring Street<br>Portland, ME 04102<br><br>　　　　　Defendants. | Case No. 22-cv-534<br><br><br>**COMPLAINT**<br><br>(JURY TRIAL DEMAND) |

04407820-1

Now comes the Plaintiff, Gregory Lee James, by and through counsel, and for his Complaint against Defendants, Kal Freight, Inc. and Abdi Omar Hassan, states as follows:

## JURISDICTION, VENUE, AND PARTIES

1. Plaintiff, Gregory Lee James ("James"), is a citizen of the State of Tennessee, residing at 4009 Trevor Ct., Pleasant View, Tennessee 37146.

2. Defendant, Kal Freight, Inc. ("KFI") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in California.

3. Defendant, Abdi Omar Hassan ("Hassan") is an individual citizen of the State of Maine.

4. Jurisdiction is proper in this Court as there is complete diversity of citizenship between Plaintiff and Defendants pursuant to 28 U.S.C. § 1332 and the amount in controversy, exclusive of interest and costs, is in excess of $75,000

5. The facts and circumstances of this case occurred in Franklin County, Ohio, which is located in this division of this judicial district. Defendants, further, transact business in this judicial district. Therefore, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 (b) (2) and (3).

## STATEMENT OF FACTS

6. On or about April 11, 2020, James was operating a 2015 Peterbuilt semi-tractor trailer on I-70 traveling in a westbound direction in the left clearly marked lane approaching the I-70 Mound Street exit.

04407820-1

7. At the same time, Defendant Hassan was operating a 2020 Volvo semi-tractor trailer on I-70 and was also traveling in a westbound direction, but was in the right marked lane approaching the I-70 Mound Street exit. Defendant Hassan was, at all times relevant hereto, acting in the course and scope of his employment with Defendant KFI and KFI owned the truck Hassan was operating.

8. The lane in which Hassan was traveling, the right lane of westbound I-70 at the Mound Street exit, was designated as an exit only lane.

9. The lane in which James was traveling, the left lane of westbound I-70 at the Mound Street exit, was designated as a thru lane only that continues on I-70.

10. Both lanes were clearly marked.

11. Hassan changed lanes from the right to the left lane and in doing so struck James, pushing James into and through a concrete divider and into on-coming traffic traveling eastbound on I-70.

## COUNT ONE
## NEGLIGENCE

12. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

13. While operating his vehicle, Hassan owed a common law duty to exercise ordinary care so as to avoid injury to others.

14. Hassan breached that duty by making an improper lane change and by otherwise negligently operating his vehicle.

15. As a direct and proximate result of Hasson's negligence, said Defendant crashed the truck he was operating into the side of the James' truck, causing James' truck to crash through the concrete divider and into oncoming traffic.

04407820-1

3

16. As a direct and proximate result of the Hassan's negligence, James suffered personal bodily injuries and that said injuries are permanent in nature.

17. As a direct and proximate result of Hassan's negligence, James has incurred in excess of $80,000 of medical expenses and will likely incur additional medical expenses in the future.

18. As a direct and proximate result of Hassan's negligence, James has suffered pain of body and mind and will likely suffer additional pain of body and mind in the future.

19. As a direct and proximate result of Hassan's negligence, James has suffered mental anguish and distress and will likely suffer additional mental anguish and distress in the future.

20. As a direct and proximate result of Hassan's negligence, James has sustained both a temporary and/or permanent disability.

21. As a direct and proximate result of Hassan's negligence, James has sustained lost wages and income in an amount in excess of $2,500 and is likely to incur additional lost wages and income in the future.

22. At all times relevant, James was proceeding lawfully in the left lane of westbound I-70.

23. Accordingly, Plaintiff seeks compensatory damages from Defendants in an amount to be determined by the jury, but in excess of $75,000, exclusive of interest and costs.

04407820-1

4

## COUNT TWO
## NEGLIGENCE PER SE

24. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

25. Defendant Hassan moved the truck he was operating from a clearly marked lane without first ascertaining that such movement could be made safely.

26. Defendant Hassan's improper lane change was a violation of Ohio R.C. § 4511.33, which constitutes negligence per se, and James' injuries were directly and proximately caused by Hassan's breach of his statutory duty to maintain his lane of travel when changing lanes cannot be done safely.

## COUNT THREE
## VICARIOUS LIABILITY

27. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

28. At all times stated herein, Hassan was an employee/agent of KFI and was acting within the scope of his employment/authority.

29. KFI is vicariously liable for the actions of its agent/employee Hasson.

WHEREFORE, Plaintiff demands judgment against Defendants, Abdi Omar Hassan and Kal Freight, Inc., jointly and severally, as follows:

A. For compensatory damages for Plaintiff's personal injuries, including but not limited to physical and emotional pain and suffering and lost wages.

B. For the costs of this action, including reasonable attorneys' fees; and

C. For any and all other relief to which Plaintiff may be entitled.

04407820-1

Respectfully submitted,

/s/   Michael A. Galasso
Michael A. Galasso (OH 0072470)
Robert M. Ernst (OH 0084096)
Robbins, Kelly, Patterson & Tucker
312 Elm St. Suite 2200
Cincinnati, Ohio  45202-2748
(513) 721-3330 | (513) 721-5001 fax
*mgalasso@rkpt.com*
*rernst@rkpt.com*
**Attorneys for Plaintiff**


Stan Davis (TN BAR #)
5214 Maryland Way, Suite 309
Brentwood, TN 37027
**Attorney for Plaintiff**
(*pro hac vice application forthcoming*)


## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


/s/  Michael A. Galasso
Michael A. Galasso

04407820-1

6